### FAULKNER ADVERTISING ASSO-CIATES, INCORPORATED, Plaintiff–Appellant,

v.

### NISSAN MOTOR CORPORATION IN U.S.A., Defendant–Appellee.

No. 89–1548.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1991.

Decided Sept. 4, 1991.

Robert Gene Levy, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., argued (Berryl A. Speert, Harry J. Katrichis, A. David Demiray, on brief), for plaintiff-appellant.

John J. Hanson, Gibson, Dunn & Crutcher, Los Angeles, Cal., argued (Peter Sullivan and Robert W. Denton, Los Angeles, Cal., Lewis A. Noonberg, H. Mark Stichel, Piper & Marbury, Baltimore, Md., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

PER CURIAM:

This court being equally divided, the decision below is affirmed. Separate opinions of Judge Hall and Chief Judge Ervin follow.

AFFIRMED.

K.K. HALL, Circuit Judge:

The facts of this case are recounted at length in the opinions of the panel, *Faulkner Advertising Associates, Inc. v. Nissan Motor Corp. in U.S.A.*, 905 F.2d 769 (4th Cir.1990), and need not be repeated here. For the reasons stated in my dissent to the panel opinion, *id.* at 775–778, I conclude that the Sherman Act does not prohibit the conduct described in the complaint, and would affirm the district court's dismissal under Fed.R.Civ.P. 12(b)(6). I pause to reiterate one point from that dissent.

■ The yardstick for assessing the adequacy of a complaint is indisputably and properly liberal. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, self-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint. *District 28, United Mine Workers v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir.1979). Faulkner's complaint does indeed contain language declaring that its erstwhile customers had been "forced" to purchase advertising from Nissan; however, this language is always couched as an interpretation of the rise in the wholesale prices of Nissan automobiles,* and courts need not accept the accuracy of such characterizations of law. If Manufacturer Doe sues Manufacturer Roe alleging that "Roe unfairly interfered with Doe's business by building a better, cheaper, more durable product than Doe," a court cannot be shackled from granting a motion to dismiss merely because Doe propounds a legal conclusion, where the defects of that conclusion are conspicuous

from the facts asserted. "Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *Wellmore Coal Corp.*, 609 F.2d at 1086.

■ Aside from pronouncements of law, Faulkner alleges only that Nissan has purchased more advertising in markets where it hopes to increase sales of its only product, and that buyers of the product must pay a higher price because of Nissan's expanded efforts. These allegations are insufficient to state a "tying" claim under the Sherman Act.

RUSSELL, WIDENER, WILKINSON and WILKINS, Circuit Judges, join in this opinion.

ERVIN, Chief Judge:

Judge Hall's opinion relies upon the rationale of the dissent in the panel decision below, *Faulkner Advertising Assoc. v. Nissan Motor Corp.*, 905 F.2d 769 (4th Cir.1990), and reiterates one point from that dissent. Essentially, he concludes that the facts as alleged by Faulkner can be boiled down and can lead only to erroneous legal conclusions. As a result, he concludes that Faulkner has failed to state a claim upon which relief can be granted.

The rationale as stated in the previous panel dissent focuses on the boiled down facts, *see Faulkner*, 905 F.2d at 776, and states that those facts belie the conclusion that the purchase price of the automobiles include a forced sale of advertising. *Id.* According to that view, because Faulkner alleges that no dealer is promised a cent of advertising in its local market, it cannot be said that the dealers are purchasing advertising. *Id.* Rather, Judge Hall views the increased costs as merely part of the Nissan overhead. *Id.*

---

* *E.g.*, paragraphs 12 and 13 of the complaint:

12. Nissan dealers are now required by defendant to contribute funds to Nissan to support the regional advertising program by the payment of increased wholesale (dealer) prices for Nissan automobiles....

13. Since the new program is financed by increased wholesale prices paid by Nissan dealers for Nissan automobiles, Nissan dealers are forced to participate in the new program....

I disagree with this conclusion, and I respectfully suggest that my colleagues cannot reach the conclusion they do under the standard required when reviewing motions to dismiss under Fed.R.Civ.P. 12(b)(6). The accepted rule for reviewing dismissals under 12(b)(6) is "that a complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (emphasis added); *Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir.1983). In addition, as Judge Hall concedes, "[l]iberal construction in favor of the plaintiff is mandated." *Coakley*, 706 F.2d at 457.

In this case, my colleagues have not given Faulkner the benefit of a liberal construction. They make their own somewhat arbitrary conclusion about what are facts and conclusions of law and what their selected facts mean when an opposite conclusion is just as likely. The facts as alleged could also lead to the conclusion that the dealers are purchasing advertising when they pay the increased prices for automobiles (somebody else's advertising) and that in order to get the automobiles they must also buy the advertising. The dealers are purchasing advertising for someone; they just are not getting the benefit of the money they are spending. Viewing the facts liberally as we must, we cannot conclude that Faulkner has not stated a claim for which relief can be granted under the Sherman Act. *Conley* directs that a complaint should not be dismissed unless the plaintiff "can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 102. Here, I believe that Faulkner has alleged a set of facts upon which it might prevail.**

For these reasons and the reasons more fully set out in the majority panel decision below, I would reverse the decision below.

---

** Whether it will or will not ultimately succeed is not only irrelevant at this stage of the lawsuit, it is premature to speculate about the ultimate outcome of the case.

PHILLIPS, MURNAGHAN, and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge, join in this opinion.